UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| **WELBORN BAPTIST FOUNDATION, INC.,**<br><br>    **Plaintiff**<br><br>        v.<br><br>**STATE STREET GLOBAL ADVISORS, INC., STATE STREET BANK AND TRUST COMPANY, and YANNI PARTNERS, INC.**<br><br>    **Defendants.** | **Cause No.: 3:08-cv-27-RLY-WGH** |

### ANSWER OF YANNI PARTNERS, INC.

COMES NOW Defendant Yanni Partners, Inc. by its counsel Reed Smith and for its answer to the Complaint against it states as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

The Defendant responds to the numbered paragraphs of the Complaint as follows:

1.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint.

4. The allegations of paragraph 4 of the Complaint are admitted.

5. The allegations of paragraph 5 of the Complaint state legal conclusions as to which no pleading is required. To the extent a response is required, Defendant denies the allegations of paragraph 5 of the Complaint.

6. The allegations of paragraph 6 of the Complaint state legal conclusions as to which no pleading is required. To the extent a response is required, Defendant denies the allegations of paragraph 6 of the Complaint.

7. The allegations of paragraph 7 of the Complaint are admitted.

8. The allegations of paragraph 8 of the Complaint are denied as to this Defendant.

9. The allegations of paragraph 9 of the Complaint state legal conclusions as to which no pleading is required. To the extent a response is required, Defendant denies the allegations of paragraph 9 of the Complaint.

10. Defendant admits the allegations of paragraph 10 of the Complaint.

11. Defendant admits the allegations of paragraph 11 of the Complaint.

12. Defendant admits the allegations of paragraph 12 of the Complaint, except that Defendant denies that all communications were required to be addressed to the Chairperson of Welborn.

13. The allegations of paragraph 13 of the Complaint are denied, except that

        Yanni admits that a document called Investment Policy and Guidelines was drafted.

14. The allegations of paragraph 14 of the Complaint are denied.

15. The allegations of paragraph 15 of the Complaint are denied.

16. Defendant admits the allegations of paragraph 16 of the Complaint.

17. Defendant admits the allegations of paragraph 17 of the Complaint.

18. Defendant admits the allegations of paragraph 18 of the Complaint.

19. Defendant admits the allegations of paragraph 19 of the Complaint.

20. Defendant admits the allegations of paragraph 20 of the Complaint.

21. Defendant admits the allegations of paragraph 21 of the Complaint.

22. Defendant admits the allegations of paragraph 22 of the Complaint.

23. Defendant admits the allegations of paragraph 23 of the Complaint.

24. The allegations of paragraph 24 of the Complaint are denied.

25. Defendant admits the allegations of paragraph 25 of the Complaint.

26. Defendant admits the allegations of paragraph 26 of the Complaint except that the percentage of exposure to BBB-rated securities discussed in the call was 2.5%.

27. The allegations of paragraph 27 of the Complaint are denied.

28. Defendant admits the allegations of paragraph 28 of the Complaint.

29.     Defendant admits the allegations of paragraph 29 of the Complaint, except Defendant denies the allegation that it never investigated the allocation within the LD Bond Fund.

30.     Defendant admits that Wellborn invested approximately $6.2 million into the Commodities Fund, and is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 30 of the Complaint.

31.     Defendant admits the substance of the allegations of paragraph 31 of the Complaint as having been reported in a call with State Street on July 27, 2007.

32.     Defendant admits the allegations of paragraph 32 of the Complaint.

33.     The allegations of paragraph 33 of the Complaint are denied, except that Defendant admits that it met with Welborn's investment committee.

34.     The allegations of paragraph 34 of the Complaint are denied, except that Defendant admits that it sent an e-mail to Welborn discussing market developments.

35.     The allegations of paragraph 35 of the Complaint are denied.

36.     The allegations of paragraph 36 of the Complaint are denied.

37.     The allegations of paragraph 37 of the Complaint are denied, except Defendant admits that it sent a notice to Welborn on August 3, 2007 recommending termination of the Commodities Fund.

38. Defendant admits the allegations of paragraph 38 of the Complaint.

39. The allegations of paragraph 39 of the Complaint are denied.

40. Defendant denies the allegations of paragraph 40 of the Complaint.

41. Defendant realleges and incorporates the allegations contained in paragraphs 1 through 40 herein as its response to paragraph 41 of the Complaint.

42.-51. Paragraphs 42-51 of the Complaint allege claims against a defendant other than Defendant Yanni Partners and therefore require no response from Defendant Yanni Partners. To the extent that a response to these paragraphs is required from Defendant Yanni Partners, the allegations are denied.

52. Defendant realleges and incorporates the allegations contained in paragraphs 1 through 51 herein as its response to paragraph 52 of the Complaint.

53.-57. Paragraphs 53-57 of the Complaint allege claims against a defendant other than Defendant Yanni Partners and therefore require no response from Defendant Yanni Partners. To the extent that a response to these paragraphs is required from Defendant Yanni Partners, the allegations are denied.

58. Defendant realleges and incorporates the allegations contained in paragraphs 1 through 57 herein as its response to paragraph 58 of the Complaint.

59. The allegations of paragraph 59 of the Complaint are denied as to this Defendant.

60. The allegations of paragraph 60 of the Complaint are denied as to this Defendant.

61. The allegations of paragraph 61 of the Complaint are denied as to this Defendant.

62. The allegations of paragraph 62 of the Complaint are denied as to this Defendant.

63. The allegations of paragraph 63 of the Complaint are denied.

64. Defendant realleges and incorporates the allegations contained in paragraphs 1 through 63 herein as its response to paragraph 64 of the Complaint.

65. Defendant admits the allegations of paragraph 65 of the Complaint.

66. Defendant admits the allegations of paragraph 66 of the Complaint, except that defendant denies that communications were required to be addressed to Welborn's Chairperson.

67. The allegations of paragraph 67 of the Complaint are denied, except that Defendant admits that a Statement of Investment Policy and Guidelines was drafted.

68. The allegations of paragraph 68 of the Complaint are denied.

69. The allegations of paragraph 69 of the Complaint are denied.

70. The allegations of paragraph 70 of the Complaint are denied.

71. The allegations of paragraph 71 of the Complaint are denied.

72. Defendant realleges and incorporates the allegations contained in paragraphs 1 through 71 herein as its response to paragraph 72 of the Complaint.

73. Defendant admits the allegations of paragraph 73 of the Complaint.

74. The allegations of paragraph 74 of the Complaint are denied.

75. The allegations of paragraph 75 of the Complaint are denied.

76. The allegations of paragraph 76 of the Complaint are denied.

77. Defendant realleges and incorporates the allegations contained in paragraphs 1 through 76 herein as its response to paragraph 77 of the Complaint.

78. The allegations of paragraph 78 of the Complaint are denied.

79. The allegations of paragraph 79 of the Complaint are denied.

80. The allegations of paragraph 80 of the Complaint are denied.

## THIRD DEFENSE

The plaintiff's claims are barred by waiver and estoppel.

## FOURTH DEFENSE

The plaintiff's claims are barred by its failure to mitigate its damages.

<u>FIFTH DEFENSE</u>

The plaintiff's claims are barred based on its own contributory negligence and assumption of the risk.

WHEREFORE, Defendant Yanni Partners, Inc. requests that the Complaint herein be dismissed and that it be awarded its costs, including reasonable attorneys' fees, and such other relief as the Court deems proper.

**REED SMITH LLP**

<u>/s/ Douglas K. Spaulding</u>
Douglas K. Spaulding
1301 K Street, NW
Suite 1100 – East Tower
Phone: 202-414-9235
Fax: 202-414-9299
E-mail: dspaulding@reedsmith.com

*Attorney for Yanni Partners, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION**

|  |  |
|---|---|
| **WELBORN BAPTIST FOUNDATION, INC.,**<br><br>**Plaintiff**<br><br>v.<br><br>**STATE STREET GLOBAL ADVISORS, INC., STATE STREET BANK AND TRUST COMPANY, and YANNI PARTNERS, INC.**<br><br>**Defendants.** | **Cause No.: 3:08-cv-27-RLY-WGH** |

**CERTIFICATE OF SERVICE**

      I hereby certify that on April ___, 2008, a copy of the foregoing Defendant Yanni Partners Inc.'s Answer was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF System.

Michele S. Bryant
BAMBERGER FOREMAN OSWALD & HAHN
mbryant@bamberger.com

R. Brad Ziegler
LEWIS, RICE & FINGERSH, L.C.
bziegler@lewisrice.com
rgrant@lewisrice.com

*Attorneys for Plaintiff Welborn Baptist Foundation, Inc.*

Harvey J. Wolkoff
Robert A. Skinner
Jeffrey P. Palmer
ROPES & GRAY LLP
One International Place
Boston, MA  02110
Tel: (617) 951-7000
Fax:(617) 951-7050
harvey.wolkoff@ropesgray.com
robert.skinner@ropesgray.com
jeff.palmer@ropesgray.com

*Attorneys for Defendants State Street Bank
and Trust Company and State Street Global Advisors, Inc.*

I hereby certify that on April ___, 2008, a copy of the foregoing Defendant Yanni Partners Inc.'s Answer was mailed, by first-class U.S. Mail, postage prepaid and addressed to the following:

David B. Helms
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102-2147

Richard B. Walsh, Jr.
LEWIS, RICE & FINGERSH, L.C.
500 N. Broadway, Suite 2000
St. Louis, MO 63102-2147

Thomas J. Kimpel
BAMBERGER, FOREMAN, OSWALD & HAHN
20 NW 4th Street, 7th Floor
PO Box 657
Evansville, IN 47704

*Attorneys for Plaintiff Welborn Baptist Foundation, Inc.*

/s/ Douglas K. Spaulding
Douglas K. Spaulding