UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| **WELBORN BAPTIST FOUNDATION, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **STATE STREET GLOBAL ADVISORS, INC.,** ) | Cause No.: 3:08-cv-27-RLY-WGH |
| **STATE STREET BANK AND TRUST** ) | |
| **COMPANY, and YANNI PARTNERS INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS STATE STREET BANK AND TRUST COMPANY AND
STATE STREET GLOBAL ADVISORS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants State Street Bank and Trust Company ("SSBT") and State Street Global Advisors (collectively, "State Street")[1] for their Answer to Plaintiff's Complaint, filed March 3, 2008 (the "Complaint"), hereby state as follows:

**PARTIES, JURISDICTION AND VENUE**

1.   State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 1.

2.   State Street admits that State Street Global Advisors, Inc., is a wholly-owned subsidiary of State Street Corporation and is a Delaware corporation, but denies that its principal place of business is in Boston, Massachusetts, and says that State Street Global Advisors, Inc., does not perform any of the investment management functions at issue in the Complaint. State Street further says that State Street Global Advisors ("SSgA"), an unincorporated division of SSBT,

---

[1] The Complaint incorrectly names State Street Global Advisors, Inc., as a defendant. State Street Global Advisors, Inc., is a holding company with no connection to the allegations of the Complaint, and should be dismissed as a party defendant. *See* paragraph 2, *infra*.

provided the investment management services at issue in the Complaint and has a principal place of business in Boston, Massachusetts, but it is not a distinct legal entity and is not the same as State Street Global Advisors, Inc.

3. Admitted.

4. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 4.

5. The allegations in paragraph numbered 5 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

6. The allegations in paragraph numbered 6 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

7. Admitted.

8. Paragraph numbered 8 contains no factual allegations and therefore no answer is required.

9. The allegations in paragraph numbered 9 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

## FACTUAL ALLEGATIONS

10-16. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 10 through 16.

17. Admitted that Yanni Partners, Inc. ("Yanni") contacted State Street regarding its commodities funds, including the fund that the Complaint denominates the SSgA Enhanced DJ-AIG Commodities Index Fund (the "Commodities Fund"), on more than one occasion and on behalf of more than one client. State Street is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph numbered 17.

18. State Street says that the investment objective of the Commodities Fund is set forth in written documents that speak for themselves, and that the Fund Declaration says that the Fund's investment objective is "to attempt to outperform the performance of the Dow Jones-AIG Commodities Index," and to the extent these written documents differ from the allegations of paragraph numbered 18, State Street denies the same.

19. State Street states that the structure of the Commodities Fund and its underlying investments are set forth in written documents that speak for themselves, and to the extent these written documents differ from the allegations of paragraph numbered 19, State Street denies the same.

20. State Street admits that during the relevant period, cash collateral for investments in the Commodities Fund was invested in a fund that the Complaint denominates the Limited Duration Bond Common Trust Fund ("LDBF").

21. State Street admits that it completed a questionnaire for Yanni concerning the Commodities Fund in or about February 2007, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph numbered 21.

22. State Street says that the quoted language in paragraph numbered 22 comes from a written document that speaks for itself and otherwise denies the remaining allegations of paragraph numbered 22.

23-24. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 23 and 24.

25. State Street admits that the Commodities Fund underperformed the DJ-AIG Commodities Index in the first quarter of 2007 and that Welborn invested in the Commodities Fund after the first quarter of 2007, but otherwise denies the remaining allegations of paragraph numbered 25.

26. State Street admits that on or about April 9, 2007, State Street participated in a conference call with Yanni, at which the discussion indicated that recent underperformance in the Commodities Fund had been due to the performance of the cash collateral invested in LDBF. State Street states that during the April 9, 2007 conference call, State Street representatives discussed LDBF's exposure to BBB-rated asset-backed securities, which constituted a small percentage of LDBF, and explained how State Street was managing LDBF's exposure to such investments. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegation that Yanni was "acting as a fiduciary for Welborn" during the April 9, 2007 conference call, and otherwise denies the remaining allegations of paragraph numbered 26 and specifically denies that it ever represented that LDBF's exposure to asset-backed securities was limited to its investments in BBB-rated securities.

27-28. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 27 through 28.

29. State Street admits that in or about May 2007, State Street representatives gave a presentation to Yanni and one of its clients, which is written and speaks for itself, and otherwise denies the remaining allegations of paragraph numbered 29, except that State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Yanni's purported failure to investigate.

30. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegation that Welborn's investment in the Commodities Fund was "based upon State Street's and Yanni's representations," but admits that on or about July 15, 2007, Welborn invested approximately $6.2 million in the Commodities Fund.

31. State Street says that it participated in a conference call with Yanni, not on July 24, 2007, but on or about July 27, 2007, during which it was discussed that a majority of LDBF's portfolio was invested in asset-backed securities, admits that the Commodities Fund underperformed the DJ-AIG Commodities Index in the beginning of July 2007, that at a certain point in 2007, LDBF had significant exposure to asset-backed securities, and that as of June 30, 2007, the majority of LDBF's investments were in asset-backed securities, but otherwise denies the remaining allegations of paragraph numbered 31.

32. Denied, and State Street specifically denies that it ever represented or implied that LDBF's only exposure to asset-backed securities was due to BBB-rated investments.

33. State Street denies that it misrepresented or failed to disclose material information concerning LDBF, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph numbered 33.

34. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 34.

35-36. State Street denies that it misrepresented or failed to disclose material information concerning LDBF, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 35 through 36.

37. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph numbered 37.

38. State Street denies that it misrepresented or failed to disclose material information concerning LDBF or that it failed to respond to Yanni's requests for information or otherwise communicate promptly, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph numbered 38.

39. Denied.

40. Denied.

## COUNT I
## Violation of Federal and Indiana Securities Laws
### (State Street)

41. State Street incorporates by reference its answers to each of the allegations contained in paragraphs numbered 1 through 40 of the Complaint as though fully set forth herein.

42-44. The allegations in paragraphs numbered 42 through 44 state legal conclusions to which no answer is required, but to the extent an answer is required, denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT II
## Fraud and Intentional Misrepresentation
### (State Street)

52. State Street incorporates by reference its answers to each of the allegations contained in paragraphs numbered 1 through 51 of the Complaint as though fully set forth herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT III
## Negligent Misrepresentation
## (State Street and Yanni)

58. State Street incorporates by reference its answers to each of the allegations contained in paragraphs numbered 1 through 57 of the Complaint as though fully set forth herein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT IV
## Breach of Contract
## (Yanni)

64. State Street incorporates by reference its answers to each of the allegations contained in paragraphs numbered 1 through 63 of the Complaint as though fully set forth herein.

65-71. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 65 through 71.

## COUNT V
## Breach of Fiduciary Duties
## (Yanni)

72. State Street incorporates by reference its answers to each of the allegations contained in paragraphs numbered 1 through 71 of the Complaint as though fully set forth herein.

73-76. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 73 through 76.

## COUNT VI
### Negligence
### (Yanni)

77. State Street incorporates by reference its answers to each of the allegations contained in paragraphs numbered 1 through 76 of the Complaint as though fully set forth herein.

78-80. State Street is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs numbered 78 through 80.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by plaintiff's own conduct.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the actions or inactions of third parties.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by plaintiff's own negligence.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by plaintiff's failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

The tort claims set forth in the Complaint are barred, in whole or in part, by plaintiff's claims sounding in contract.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of assumption of risk.

## **NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred insofar as they have named the wrong party – State Street Global Advisors, Inc. – as a defendant in this action.

State Street reserves the right to assert additional affirmative defenses.

Dated: April 25, 2008

Respectfully submitted,

ROPES & GRAY LLP

By: /s/ Harvey J. Wolkoff
Harvey J. Wolkoff
Robert A. Skinner
Olivia S. Choe
One International Place
Boston, MA 02110
Tel: 617-951-7000
Fax: 617-951-7050
Harvey.Wolkoff@ropesgray.com
Robert.Skinner@ropesgray.com
Olivia.Choe@ropesgray.com

*Attorneys for Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 25, 2008, a copy of the foregoing Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc.'s Answer to Plaintiff's Complaint was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

Michele S. Bryant
BAMBERGER FOREMAN OSWALD & HAHN
mbryant@bamberger.com

Richard B. Walsh, Jr.
David B. Helms
R. Brad Ziegler
LEWIS, RICE & FINGERSH, L.C.
rwalsh@lewisrice.com
dhelms@lewisrice.com
bziegler@lewisrice.com

Douglas K. Spaulding
REED SMITH LLP
dspaulding@reedsmith.com

I further certify that on April 25, 2008, a copy of the foregoing Defendants State Street Bank and Trust Company and State Street Global Advisors, Inc.'s Answer to Plaintiff's Complaint was mailed, by first-class U.S. Mail, postage prepaid and addressed to the following:

Thomas J. Kimpel
BAMBERGER FOREMAN OSWALD & HAHN
20 NW 4th Street, 7th Floor
P.O. Box 657
Evansville, IN 47704

            /s/ Olivia S. Choe
            Olivia S. Choe